UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - X
JOSH GLASS, JUDY J. CLARK, LYDIA SCHARF,:
GENE DUBRETSKOY, FERN FINER, CHERYL
STUBBS, WAYNE AMEDURE, ROBERT MAGOON,    :        **ECF CASE**
MARK JUDSON and ANTHONY COTELLESE,
Individually, and on behalf of all      :     06 Civ. 1534 (WCC)
others similarly situated,

                                        :

                       Plaintiffs,

                                        :

            - against -                         **OPINION**
                                        :       **AND ORDER**
S&M NUTEC, LLC,

                                        :

                       Defendant.
- - - - - - - - - - - - - - - - - - - X

**A P P E A R A N C E S :**

                              ABBEY SPANIER RODD ABRAMS & PARADIS,
                                 LLP
                              212 East 39th Street
                              New York, New York 10016

ARTHUR N. ABBEY, ESQ.
STEPHEN T. RODD, ESQ.
JOSHUA N. RUBIN, ESQ.                         - and -
REBECCA A. SHEINBERG, ESQ.

        Of Counsel

                              McLAUGHLIN & STERN, LLP
                              260 Madison Avenue
                              New York, New York  10016

STEVEN J. HYMAN, ESQ.
ALAN E. SASH, ESQ.

        Of Counsel             **Attorneys for Plaintiffs**

                              CALLAN, KOSTER, BRADY & BRENNAN, LLP
                              One Whitehall Street
                              New York, New York 10004

PAUL F. CALLAN, ESQ.
MARC R. WILNER, ESQ.
                                      - and -
        Of Counsel

**Copies E-Mailed to Counsel of Record**

**A P P E A R A N C E S :   (continued)**

SHOOK, HARDY & BACON, LLP
2555 Grand Boulevard
Kansas City, Missouri 64108-2613

LAURA C. FEY, ESQ.
TAMMY B. WEBB, ESQ.
REBECCA J. SCHWARTZ, ESQ.

  Of Counsel     **Attorneys for Defendant**

CONNER, Senior D.J.:

Plaintiffs Josh Glass, Judy J. Clark, Lydia Scharf, Gene Dubretskoy, Fern Finer, Cheryl Stubbs, Wayne Amedure, Robert Magoon, Mark Judson and Anthony Cotellese (collectively "plaintiffs"), bring this putative class action, seeking damages on behalf of themselves and other similarly situated purchasers of "Greenies" dog treats, which were manufactured and distributed by defendant S&M NuTec, LLC.  Plaintiffs allege that, despite statements on their packaging that they were "100% edible," the Greenies were unfit for consumption and caused intestinal and esophageal blockages leading to the injury or death of their pet dogs.  (Complt. ¶¶ 6-19, 29.)  Specifically, plaintiffs claim that defendant's retention of the Greenies' purchase price constituted unjust enrichment pursuant to the common law of thirty-four states.[1]  Furthermore, plaintiffs allege defendant's sale of Greenies violated the Uniform Commercial Code's ("UCC") provisions on implied warranties of merchantability, as adopted by twenty-five different states.[2]  (*Id.* ¶¶ 51-63.) In addition, named plaintiff Lydia Scharf, on behalf of herself and other similarly situated

---

[1] Named plaintiffs Josh Glass, Fern Finer, Cheryl Stubbs, Wayne Amedure and Robert Magoon seek damages for common law unjust enrichment on behalf of themselves and "all other similarly situated residents" of the following states: Arkansas, California, Colorado, Connecticut, Hawaii, Indiana, Iowa, Michigan, Mississippi, Missouri, Nebraska, New Hampshire, New Jersey, New York, Oklahoma, Vermont and West Virginia.  Named plaintiff Judy J. Clark seeks damages for common law unjust enrichment on behalf of herself and "all other similarly situated residents" of the following states: Alaska, the District of Columbia, Georgia, Kansas, Kentucky, Maine, Minnesota, Nevada, New Mexico, Oregon, Rhode Island, South Carolina, South Dakota, Utah, Virginia, Washington and Wisconsin. (Complt. ¶¶ 38-55.)

[2] Named plaintiffs Gene Dubretskoy, Fern Finer, Cheryl Stubbs, Robert Magoon, Mark Judson and Anthony Cotellese allege, on behalf of themselves and all similarly situated persons, violations of UCC provisions of the following states: Alaska, Arkansas, Colorado, Delaware, Hawaii, Maine, Iowa, Maryland, Massachusetts, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Hampshire, New Jersey, North Dakota, Oregon, South Carolina, South Dakota, Texas, Virginia, West Virginia and Wyoming.

1

individuals, alleges that defendant violated OHIO REV. CODE ANN. § 1345.02 by failing to notify purchasers of Greenies' dangerous nature.  (Complt. ¶¶ 61-71.)  This Court's jurisdiction is predicated upon diversity of citizenship, pursuant to 28 U.S.C. § 1332 (a) (1).  Presently before the Court is defendant's motion, pursuant to 28 U.S.C. § 1404(a), to transfer venue to the United States District Court for the Western District of Missouri.  For the reasons that follow, defendant's motion is granted.

## BACKGROUND

Greenies are "dog chew treat[s] formulated to control dental tartar and plaque, and formulated to taste great while reducing bad breath," About Greenies, http://www.greenies.com/aboutUs.cfm.  They are made and sold by defendant, a Missouri company with its principal place of business located in North Kansas City, Missouri.  Research, development and manufacturing of all of defendant's products, including Greenies, occurs in Kansas City, Missouri and the surrounding area.  (Fries Aff. ¶¶ 2-4.)  Additionally, all Greenies packaging and promotional materials are generated in and around Kansas City, Missouri, and all Greenies sales are transacted at the corporate headquarters in North Kansas City.  (*Id*. ¶¶ 5-6.)  All of defendant's records and employees, who might act as potential witnesses, are located in the Kansas City area. (*Id*. ¶¶ 5-7.)

Plaintiffs are citizens of eight different states, ranging from California to Massachusetts.[3]

---

[3] The named plaintiffs are citizens of the following states: Josh Glass and Fern Finer are citizens of California, Judy J. Clark is a citizen of Kentucky, Lydia Scharf is a citizen of Ohio, Gene Dubretskoy and Anthony Cotellese are citizens of Maryland, Cheryl Stubbs is a citizen of Mississippi, Wayne Amedure is a citizen of Michigan, Robert Magoon is a citizen of Colorado, and Mark Judson is a citizen of Massachusetts. (Complt. ¶¶ 6-15.)

2

Although plaintiffs allege that "at least five New York residents want to act as fact witnesses and to be joined as proposed [p]laintiff class representatives in the [c]lass [a]ction" (Pls. Mem. Opp. Transfer at 3), no named plaintiff is a citizen or resident of the state of New York. Plaintiffs anticipate that they will call six expert witnesses located in New York to testify regarding the deleterious health effects of Greenies.

## DISCUSSION

Deciding a motion to transfer venue is a two-step process. First, the Court must determine whether the case could originally have been brought in the transferee district. 28 U.S.C. § 1404 (a) ("For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."). Second, the Court must examine whether transfer is warranted in light of the following factors: (1) the convenience of witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded a plaintiffs' choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *See Cerussi v. Union Coll.*, 144 F. Supp. 2d 265, 268 (S.D.N.Y. 2001) (Conner, J.). A district court has broad discretion to balance these factors and consider the evidence of convenience and fairness on a case-by-case basis, with the goal of "prevent[ing] the waste of time, energy and money and . . . protect[ing] litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (citations and internal

3

quotation marks omitted); *Filmline (Cross-Country) Prods., Inc. v. United Artists Corp.*, 865 F.2d

513, 520 (2d Cir. 1989) ("The determination whether to grant a change of venue requires a balancing

of conveniences, which is left to the sound discretion of the district court.").

## I.    The Action Could Have Been Filed in the Western District of Missouri

Pursuant to 28 U.S.C. § 1391(a)(1), "[a] civil action wherein jurisdiction is founded only on

diversity of citizenship may, except as otherwise provided by law, be brought . . . in . . . a judicial

district where any defendant resides, if all defendants reside in the same State . . . ."  In the present

case, in which jurisdiction clearly is predicated solely upon diversity of citizenship pursuant to 28

U.S.C. § 1332, defendant's company headquarters is located within the Western District of Missouri,

and the vast majority of its operations are conducted therein.  Accordingly, defendant resides within

that district because it is subject to personal jurisdiction therein.  *See* 28 U.S.C. § 1391(c) (detailing

residence of business entities).[4]  The action, therefore, could have originally been brought in that

district.  Accordingly, we now turn our attention to the nine factors for evaluating efficiency and

convenience.

---

[4] "On its face, section 1391(c) applies only to corporations. However, the Supreme Court has held that it also applies to unincorporated associations. . . . "  *Hsin Ten Enter. USA v. Clark Enters.*, 138 F. Supp. 2d 449, 458 (S.D.N.Y. 2000) (citing *Denver & R. G. W. R. Co. v. Bhd. of R.R. Trainmen*, 387 U.S. 556, 562 (1967) (extending section 1391(c) to include a labor union); *Penrod Drilling Co. v. Johnson*, 414 F.2d 1217 (5th Cir. 1969) (applying section 1391(c) to partnership); *Kingsepp v. Wesleyan Univ.*, 763 F. Supp. 22, 28 (S.D.N.Y. 1991) (holding that section 1391(c) should be interpreted liberally to include a foreign trust such as Dartmouth College); *Injection Research Specialists v. Polaris Indus.*, L.P., 759 F. Supp. 1511, 1515 (D. Colo. 1991) (holding that partnership should be viewed like a corporation for purposes of venue)).

## II.  The "Efficiency and Convenience" Factors

### A.  Convenience of Witnesses

Although defendant has not named specific witnesses that it expects to be called at trial, its Chief Strategic Officer, Russell Fries, noted that all of the company's employees and potential witnesses were located within the Western District of Missouri.  (Fries Aff. ¶¶ 3-7.)  Plaintiffs mention six potential veterinary expert witnesses located within this district.[5]  (Pls. Mem. Opp. Transfer at 3.)  "However, it is well settled that the location of expert witnesses is irrelevant to a transfer decision." *Cerussi*, 144 F. Supp. 2d at 269.  Plaintiffs themselves, however, each of whom presumably would testify at trial, are dispersed throughout the nation.  We can discern no reason why their appearance in the Western District of Missouri would be any less convenient than their appearance in this district.  This factor, therefore, favors defendant's choice of forum.

### B.  Convenience of the Parties

As previously stated, defendant, and all of its facilities, are located within the Western District of Missouri.  Clearly, therefore, that district is more convenient for defendant.  Plaintiffs reside in several different jurisdictions, many of which are located closer to the Western District of Missouri than the Southern District of New York.  Additionally, plaintiffs bring this case as a putative class action, on behalf of the "hundreds of thousands of purchasers of Greenies" nationwide. (Complt. ¶ 21.)  Indeed, the only connection that plaintiffs appear to have with this district is the

---

[5] Plaintiffs' complaint also mentions three additional veterinarians: one located in Seattle, Washington, another in Denver, Colorado, and the location of the third is not specified.

location of their counsel; not one named plaintiff is a resident of New York.[6]  The location of counsel, however, is not afforded substantial consideration when considering a motion to transfer venue.  *Fuji Photo Film Co., Ltd. v. Lexar Media, Inc.*, 415 F. Supp. 2d 370, 374 (S.D.N.Y. 2006) ("[T]he convenience of counsel is not an appropriate factor to consider on a motion to transfer."). Thus, this factor also favors defendant.


######     C.       Location of Relevant Documents and Relative Ease of Access to Sources of Proof

All evidence, documentary and otherwise, save for the evidence presented by each of the plaintiffs regarding their pets' individual experiences with Greenies, is located within the Western District of Missouri.  Although we do not believe that the production of any of the aforementioned evidence in this district would present a significant hardship, defendant clearly would be saved some expense if the trial were conducted closer to its headquarters.  Conversely, trial in the Western District of Missouri would put no greater financial burden on plaintiffs, who reside throughout the country and will be forced to travel and transport evidence no matter where the trial is conducted. This factor also weighs slightly in favor of defendant.  *In re Collins & Aikman Corp. Sec. Litig.*, 438 F. Supp. 2d 392, 396-97 (S.D.N.Y. 2006) (stating, in the context of a class action with numerous plaintiffs throughout the country, that, "because it is at least marginally more convenient to conduct this litigation in [defendant's home district,] where most of the relevant documents are located, this factor tips slightly towards transfer.").

---

[6] The location of the "five New York residents [who] want to act as fact witnesses and be joined as proposed . . . class representatives" is irrelevant.  We cannot speculate as to who may or may not join plaintiffs' action.  Absent joinder of the alleged New York parties, we decline to consider them herein.

####        D.        Locus of Operative Facts

All of the operative documents and sources of proof are located outside of this Court's district, in the Western District of Missouri, where Greenies are marketed and manufactured. Indeed, the only potential evidence with any connection to the Southern District of New York is the testimony of plaintiffs' potential veterinary witnesses. Additionally, Greenies are entirely designed, marketed and manufactured within the Western District of Missouri. (Fries Aff. ¶¶ 3-7.) While none of the plaintiffs or their injured pets reside therein, neither do they reside within this Court's district, and, as litigation of the present action is likely to focus more significantly on the question of whether Greenies were unsafely designed or manufactured than on whether plaintiffs' canine companions actually suffered the injuries complained of, "the locus of the operative facts" is more properly characterized as the Kansas City area. *Cf. Adams v. Key Tronic Corp.*, No. 94 Civ. 0535, 1996 U.S. Dist. LEXIS 19244, at *11 (S.D.N.Y. Dec. 31, 1996) (holding, in a product liability case, that "the place where the research, design and testing took place, and where the manufacturer made production decisions, has a significant connection to the issues of the case and is a locus of operative facts.").

Plaintiffs are "barking up the wrong tree" in suggesting that defendant's new corporate parent's location in Hackettstown, New Jersey supports their argument that the locus of operative facts is in this district. Defendant's parent company, Masterfoods, USA, a division of Mars, Inc., is not named as a defendant in the present case, and, as the Fries affidavit indicates, defendant's operations continue in the Kansas City, Missouri area. They have not been relocated to Hackettstown, New Jersey. *See generally* Fries Aff. ¶¶ 1-7. Accordingly, this factor favors

defendant.

       **E.**    **Availability of Process to Compel Attendance of Unwilling Witnesses**

Pursuant to FED. R. CIV. P. 45, "a subpoena may be served at any place within the district of the court by which it is issued, or at any place without the district that is within 100 miles of the place of the . . . trial." Thus, although all of defendant's personnel and materials are located within the Western District of Missouri and, accordingly, subject to subpoena in that district, they are not so subject here. Plaintiffs argue that this factor is neutral, because defendant has not indicated that any of its employees would fail to appear if called to testify in this district. Although "[t]he ability to compel the attendance of witnesses is generally relevant only with respect to third party witnesses, since employees of the parties will, as a practical matter, be available in any venue by virtue of the employment relationship," *Race Safe Sys. v. Indy Racing League*, 251 F. Supp. 2d 1106, 1111 (N.D.N.Y. 2003), "the long-distance travel required could impede trial in this district and would impose substantial expense on witnesses or the parties calling them. Transfer will allow live trials at lesser expense, an important factor in determining whether to transfer a case." *In re E. Dist. Repetitive Stress Injury Litig.*, 850 F. Supp. 188, 194 (E.D.N.Y. 1994). Thus, this factor slightly favors defendant.

       **F.**    **Relative Means of the Parties and the Forum's Familiarity with Governing Law**

In the present case, these two factors are neutral, and favor neither party. Plaintiffs, as stated previously, must travel regardless of where the case is tried, and defendant, a profitable corporate entity, is financially capable of litigating in either district, albeit with less expense in its home

8

district.  Neither of the two courts in question enjoys advantage over the other in analyzing and applying law from a variety of states, yet to be ascertained.

### G.     Weight Assigned to the Plaintiff's Choice of Forum

"Generally, a court should defer to the plaintiff's choice of forum."  *Cerussi*, 144 F. Supp. 2d at 270 (internal quotation marks omitted).  This maxim bears little weight, however, in a putative class action involving plaintiffs who are scattered throughout the country.  "The reason is that in a class action there will be numerous potential plaintiffs, each possibly able to make a showing that a particular forum is best suited for the adjudication of the class's claim." *In re Collins & Aikman Corp.*, 438 F. Supp. 2d at 398.  Accordingly, this factor weighs only slightly in plaintiffs' favor.

### H.     Trial Efficiency and Interests of Justice

Finally, as discussed above, the interests of justice favor transfer of the present case to the Western District of Missouri.  Plaintiffs have demonstrated no tangible connection to this district whatsoever.  Indeed, the only proffered connections to the Southern District of New York are: (1) defendant's sale of Greenies to retailers within this district; and (2) similar litigation currently pending in New York State Supreme Court.  Plaintiffs' first argument is unavailing, for it fails to distinguish the Southern District of New York from any of the numerous other districts in which defendant's products are sold by retailers.[7]  Conversely, the entirety of defendant's operations occur within the Western District of Missouri, and all of the company's resources are located therein.  The

---

[7] Indeed, as plaintiffs note in the Complaint, "[l]ast year, millions of individual Greenies were sold around the world, generating revenues of $340 million." (Complt. ¶ 26.)

9

discovery and trial processes would, therefore, be more conveniently conducted in that district.

Plaintiffs' second argument is based on the presumption that the evidence adduced in the state action will already be present in the New York area and will, therefore, be easily accessible in the present case. This argument assumes too much. While we would be inclined to consolidate in the same district concurrent *federal* litigation on the same subject matter, *see, e.g., APA Excelsior III L.P. v. Premiere Techs., Inc.*, 49 F. Supp. 2d 664, 668 (S.D.N.Y. 1999) ("There is a strong policy favoring the litigation of related claims in the same tribunal in order that pretrial discovery can be conducted more efficiently, duplicitous litigation can be avoided, thereby saving time and expense for both parties and witnesses, and inconsistent results can be avoided."), we are not inclined to do so in the case of concurrent state litigation. The federal courts do not share or coordinate their dockets with the courts of the state, and we enjoy no authority over the New York Supreme Court to compel the production of evidence in its custody in connection with a civil action. Furthermore, litigation often progresses at different rates, so the chance of the proceedings coinciding is slim at best. Even assuming that the pendency of the state action weighs in favor of plaintiffs, transfer is still dictated by the bulk of the other factors.

### I.    <u>Summary</u>

As the foregoing discussion demonstrates, transfer of the present case is proper because: (1) the action could have originally been brought in the Western District of Missouri; and (2) the "efficiency and convenience" factors weigh in favor of transfer. Specifically, the first, second and fourth factors weigh solidly in favor of defendant, the third and fifth weigh slightly in its favor, the sixth and seventh factors favor neither party, and the eighth factor favors the plaintiff.

Furthermore, even assuming that the presence of the similar action in New York State Supreme Court is significant, the ninth factor, that is, the interests of justice, still dictates that defendant, S&M NuTec, L.L.C.'s motion for transfer be granted.

## CONCLUSION

For all the foregoing reasons, the motion of defendant S&M NuTec, LLC to transfer this action to the Western District of Missouri is granted. The Clerk of the Court shall send a certified copy of this Opinion and any original documents filed in this action to the Clerk of the Court for the Western District of Missouri.

SO ORDERED.

Dated:  White Plains, New York
        October 11, 2006

_William C. Conner_
Sr. United States District Judge

11